UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. FOGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1093 CEJ |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for summary judgment. Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by withholding letters that were addressed to him. Plaintiff seeks injunctive relief only. Defendants have moved for summary judgment on the grounds that plaintiff lacks standing to bring this action and that the action is moot.

### Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give

the nonmoving party the benefit of any inferences that can logically be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the nonmoving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). This Court is, however, "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)). When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact. See id.; E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

## Background

Plaintiff did not respond to defendants' statement of material facts or file his own statement of material facts. Nor did plaintiff introduce any evidence or cite to any admissible evidence in his response brief. As a result, the Court accepts as true all of the facts stated in defendants' statement of material facts.

Plaintiff has been detained at the Missouri Sexual Offender Treatment Center ("MSOTC") since September 2004. Until January 13, 2009, MSOTC had a policy of withholding incoming mail that did not have the sender's name or return address identified on the envelope. Under this policy, MSOTC staff would provide notice to the addressee that a letter or package had been withheld and of the reason for withholding the mail. At least three letters addressed to plaintiff were withheld pursuant to the policy. These letters were dated March 4, 2006; September 8, 2006; and April 28, 2008.

On January 13, 2009, MSOTC changed its mail policy with regard to incoming mail. Under the new policy, a resident or detainee is notified when incoming mail is being withheld. Upon request, the mail is then opened by MSOTC staff in the addressee's presence. The mail is inspected by MSOTC staff only to the extent necessary to determine the identity of the sender. The addressee may then keep the mail unless it contains or consists of contraband.

On February 3, 2009, plaintiff executed an authorization for his withheld mail to be opened and processed pursuant to the new policy. The letters were opened and read to the extent necessary to determine the identification of the sender. The letters were then given to plaintiff.

**Discussion**

1.  <u>Standing</u>

Defendants argue that plaintiff lacks standing to bring this suit because the complaint "refers only to past, rare, and apparently random acts as to

which future occurrence is purely speculative . . ." Defendants contend that because plaintiff only complains of past instances where his mail was withheld, and because he cannot show that his mail will be withheld in the future, he cannot establish the "injury in fact" requirement necessary for establishing standing.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974). Standing is determined at the time the lawsuit is commenced. <u>Steger v. Franco, Inc.</u>, 228 F.3d 889, 892 (8th Cir. 2000).

Defendants' argument ignores the fact that at the time this lawsuit was filed MSOTC officials were withholding at least three of plaintiff's letters. This withholding constituted a concrete and particular injury for standing purposes. MSOTC officials may have given the letters back in the meantime, but standing

was established at the time the suit was commenced. As a result, defendants' argument that plaintiff lacks standing to bring this suit is without merit.

2. Mootness

Defendants argue that plaintiff's claims are moot because plaintiff has been granted all of the relief that he seeks.

"'The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . .'" Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). "Consequently, a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." Id. If a case is moot, a district court "must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." Missouri ex rel. Nixon v. Craig, 163 F.3d 484, 484 (8th Cir. 1998).

The complaint prays only for injunctive relief. Specifically, plaintiff requests that his letters be returned and that future letters be given to him regardless of whether they contain a return address. As of February 9, 2009, all of plaintiff's withheld mail was returned to him. And under the new mail policy, letters will not be withheld from MSOTC detainees for the sole reason that they do not contain a return address. As a result, there is no longer any

case or controversy for the Court to decide, and the Court will dismiss this action as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#33] is **granted**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of April, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE